IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JUSTIN SOLBERG, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DAVID STANLEY CHEVROLET, INC., an Oklahoma Corporation,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. CIV-19-01096-JD<br>)<br>)<br>)<br>)<br>) |

## ORDER

Before the Court is Nancy Johnson's Unopposed Motion to Intervene as Putative Class Representative ("Motion"). [Doc. No. 107]. Ms. Johnson seeks to intervene as putative class representative because the current putative class representative, Justin Solberg, passed away and his estate is unable to adequately represent her and other potential class members who allegedly received unsolicited text messages from Defendant David Stanley Chevrolet, Inc. ("David Stanley").[1] David Stanley does not oppose the requested relief.

For the reasons stated in the Motion, and under Federal Rule of Civil Procedure 24(a)(2), the Court GRANTS the Motion [Doc. No. 107] and permits Nancy Johnson to

---

[1] The Motion seeks intervention of Nancy Johnson as a plaintiff, which is not opposed by Defendant. The Motion does not expressly resolve the status of Justin Solberg's claims, and as discussed below, the Court expects Plaintiffs' counsel to resolve this issue either by filing a motion to substitute his estate and complying with Rule 25(a), filing a legally appropriate motion or notice of dismissal under Rule 41, or filing some other appropriate motion that resolves the status of Mr. Solberg.

intervene as a Plaintiff.

IT IS THEREFORE ORDERED that Nancy Johnson, individually and on behalf of all others similarly situated, is permitted to intervene as Plaintiff for all purposes in this case. The Clerk of this Court is DIRECTED to update the case docket to reflect as a plaintiff Nancy Johnson, individually and on behalf of all others similarly situated. Following this Order, captions for all filings shall include Nancy Johnson, individually and on behalf of all others similarly situated, as Plaintiff.

Plaintiffs' counsel is DIRECTED to file the proposed First Amended Complaint [Doc. No. 107-1] within 7 days of this Order, or by **July 12, 2022**, provided that [Doc. No. 107-1] is revised to reflect Justin Solberg's continued status as a party plaintiff, subject to any forthcoming motion for substitution of Mr. Solberg's estate under Federal Rule of Civil Procedure 25(a), dismissal of Mr. Solberg's claims, or some other appropriate motion. The Court anticipates that Plaintiffs' counsel will resolve the lingering issues on Mr. Solberg's status as a plaintiff within 14 days of the date of this Order, or by **July 19, 2022**, by a motion to the Court or appropriate dismissal.

IT IS FURTHER ORDERED that within 14 days of today, or by **July 19, 2022**, Plaintiffs' counsel and David Stanley's counsel shall confer and file a joint status report advising the Court of the parties' agreements or positions on the following:

1. The status of Justin Solberg as a plaintiff, with Plaintiffs' counsel to file a motion or appropriate dismissal by July 19, 2022, the same deadline as the joint status report.

2.      The impact of Ms. Johnson's intervention and the impact of Mr. Solberg's status as a plaintiff on David Stanley's pending first motion for partial summary judgment (the "current motion") [Doc. No. 66] and David Stanley's pending Motion to Exclude Snyder Declaration [Doc. No. 82], which relates to a declaration attached to Plaintiff Justin Solberg's response to summary judgment [Doc. No. 78]. [*See* Doc. No. 105].[2] Specifically, the parties shall determine and advise the Court (a) whether David Stanley plans to withdraw [Doc. Nos. 66, 82] without prejudice to refiling in light of the issues involving Ms. Johnson and Mr. Solberg, or (b) whether the parties agree that [Doc. Nos. 66, 82] are moot in light of the issues involving Ms. Johnson and Mr. Solberg, in which case the parties shall file a motion requesting that the Court deny as moot [Doc. Nos. 66, 82] without prejudice to refiling. If the parties disagree on the impact of Ms. Johnson's intervention and Mr. Solberg's death on [Doc. Nos. 66, 82], and motion practice is necessary, they shall expressly advise the Court of their respective positions

---

[2] The current motion addresses decedent Solberg's text messages and communications with David Stanley. [*See generally* Doc. No. 66 at ECF page nos. 8–10, 12; Doc. No. 66-3 (Solberg Customer History); Doc. No. 66-4 (Solberg Dep.); Doc. No. 66-5 (Email from Love to Solberg); Doc. No. 66-6 (Love Text to Solberg)]. Upon review, it seems to the Court that the current motion may need to be refiled to account for Ms. Johnson's intervention and Mr. Solberg's death. The Court expects the parties to confer and for the parties to advise the Court regarding the parties' agreed or respective positions. However, in managing its docket and resources, the Court cautions the parties that it does not want supplemental briefing or to have to sift through various briefing and filings to determine whether there are any genuine disputes as to any material fact. Rather, the Court wants one set of summary-judgment briefing that addresses the issues raised in [Doc. No. 66], to the extent those issues remain following the intervention of Ms. Johnson and death of Mr. Solberg.

and propose an expedited briefing schedule to resolve the issues regarding [Doc. Nos. 66, 82].

3. The scheduling order in this case, whether additional discovery is anticipated in light of Ms. Johnson's intervention, and the parties' proposed schedule for deadlines, including deadlines for anticipated discovery and any briefing schedule for any anticipated refiled motions. The Court struck the remaining deadlines in the original scheduling order [Doc. No. 17] by order [Doc. No. 91], and there currently are no scheduling order deadlines in place.

4. Whether the parties desire another round of ADR in light of the intervention of Ms. Johnson and death of Mr. Solberg, and if so, the proposed form of ADR and timing.[3]

IT IS SO ORDERED this 5th day of July 2022.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[3] This Order and its requirements supplant the requirement in [Doc. No. 105] that within 7 days of an order granting the motion to intervene, counsel for Defendant shall file a notice regarding whether intervention affects the parties' briefing on the pending motion for partial summary judgment [Doc. No. 66].